# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ANDREW WELLMAN, CDC #J-00074,<br><br>                              Plaintiff,<br><br>vs.<br><br>TERRY ALEXANDER; HIV NEUROLOGICAL RESEARCH CENTER; AND UNIVERSITY OF CALIFORNIA SAN DIEGO MEDICAL CENTER,<br><br>                              Defendants. | Civil No.   07-0195 BTM (NLS)<br><br>**ORDER:**<br><br>**(1)   DENYING MOTION TO APPOINT COUNSEL [Doc. No. 15];**<br><br>**(2)   DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT AS MOOT [Doc. No. 12]; and**<br><br>**(3)   SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

**I.    Procedural History**

Plaintiff, an inmate currently incarcerated at Salinas Valley State Prison in Soledad, California and proceeding pro se, originally brought this action pursuant to 42 U.S.C. § 300w-7. In his original Complaint, Plaintiff alleged that he was abused by Defendant Terry Alexander,

a nurse with the HIV Neurological Research Center in San Diego. The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

On April 24, 2007, Plaintiff filed a First Amended Complaint ("FAC"). In his Amended Complaint, Plaintiff seeks to hold Defendant Alexander liable for violation of a variety of constitutional rights, as well as for violations of the Americans with Disabilities Act. However, Plaintiff has failed to correct the deficiencies of pleading identified in the Court's previous Order and thus, this action must once again be dismissed for the reasons set forth below.

**II.     Motion to Appoint Counsel [Doc. No. 15]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

1  program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2). Under these
2  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion
3  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from
4  defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,
5  1126-27 (9th Cir. 2000) (en banc).

6  "[W]hen determining whether a complaint states a claim, a court must accept as true all
7  allegations of material fact and must construe those facts in the light most favorable to the
8  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
9  (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");
10  *Andrews*, 398 F.3d at 1121. In addition, while screening a Complaint under §§ 1915(e)(2) and
11  1915A, the Court has the same duty to liberally construe a pro se's pleadings as it does under
12  Rule 12, but it may not "supply essential elements of claims that were not initially pled." *Ivey*
13  *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Karim-*
14  *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

15  Here, because many of the statutes cited by Plaintiff in his First Amended Complaint do
16  not provide a civil cause of action, the Court liberally construes his claims of constitutional
17  violations to be brought pursuant to 42 U.S.C. § 1983. As the Court previously informed
18  Plaintiff, Section 1983 imposes two essential proof requirements upon a claimant: (1) that a
19  person acting under color of state law committed the conduct at issue, and (2) that the conduct
20  deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws
21  of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117,
22  2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

23  It is not clear from the allegations in Plaintiff's First Amended Complaint whether he has
24  alleged sufficient facts to show that Defendant Terry Campbell is a "state actor" for § 1983
25  purposes. A private party does not act under color of state law unless Plaintiff can allege some
26  facts that show some "state involvement which directly or indirectly promoted the challenged
27  conduct." *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). Plaintiff was
28  informed in the Court's previous Order that he "must show that the private actor's [Campbell's]

1  conduct is 'fairly attributable' to the government." *See* March 26, 2007 Order at 5 (citing
2  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).  Plaintiff alleges that Defendant Alexander
3  is a Registered Nurse who is "employed at the HIV Neurological Research Center."  (FAC at
4  3.)  In addition, Plaintiff names the University of California at San Diego as a Defendant in this
5  matter. (*Id.*) If the Court liberally construes Plaintiff's First Amended Complaint, it appears that
6  Plaintiff may be attempting to allege that Terry Alexander is a state actor because he is employed
7  by the University of California at San Diego.  However, the Court finds that even if Defendant
8  Alexander was a state actor for § 1983 purposes, Plaintiff has failed to allege any facts from
9  which the Court could find that Defendant Alexander violated his constitutional rights.
10  In his First Amended Complaint, Plaintiff alleges that Defendant Alexander violated his
11  right to equal protection when he threatened to remove Plaintiff from the research study unless
12  Plaintiff agreed to accompany Defendant Alexander to his house. (*Id.* at 6.)  "The Equal
13  Protection Clause ensures that 'all persons similarly situated should be treated alike.'" *City of*
14  *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).   Here, Plaintiff does not
15  allege that he was ever prohibited from participating in the research study nor does he provide
16  the court with any allegations of disparate treatment by any of the named Defendants that would
17  rise to the level of a violation of his constitutional rights. *Id.* at 439.  Thus, the Court dismisses
18  Plaintiff's equal protection claims for failing to state a claim upon which relief can be granted.
19  The Court must also dismiss Plaintiff's respondeat superior claims against the HIV
20  Neurological Research Center and the University of California, San Diego Medical Center.[1]
21  However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*,
22  9 F.3d 1433, 1437-38 (9th Cir. 1993).   Instead, "[t]he inquiry into causation must be
23  individualized and focus on the duties and responsibilities of each individual defendant whose
24  acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844
25  F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order

---

[1] It is also unclear whether the University of California San Diego is a state agency and thus, Plaintiff's claims for money damages would be barred by the Eleventh Amendment. *See Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir. 1988) (holding that California state colleges and universities, as state agencies, are immune from suits for money damages or injunctive relief brought pursuant to 42 U.S.C. § 1983).

to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, Plaintiff not only fails to name individual supervisors, his First Amended Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against the HIV Neurological Research Center and the University of California, San Diego Medical Center.

It is clear that Plaintiff has failed to correct any of the deficiencies of pleading identified in the Court's previous Order. Thus, the Court finds that Plaintiff's First Amended Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Lopez*, 203 F.3d at 1130-31; *Cahill*, 80 F.3d at 339.

**IV.  Conclusion and Order**

For the reasons set forth above, **IT IS ORDERED** that:

(1) Motion for Extension of Time to File First Amended Complaint is **DENIED** as moot [Doc. No. 12];

(2) Plaintiff's Motion for Appointment of Counsel [Doc. No. 15] is **DENIED**;

**IT IS FURTHER ORDERED** that:

(3) Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28

1  U.S.C. § 1915(g).[2]

2      The Clerk shall close the file.

3  DATED: July 9, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").